UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:07-CV-7-F

THE ESTATE OF ESTHER LEE BROWN, )
       Plaintiff, )
        )
v. )    O R D E R
        )
ATTORNEY GENERAL ALBERTO )
GONZALES, *et al.*, )
       Defendants. )

This matter is before the court on Defendant Roy Cooper's Motion to Dismiss [DE-16]; Defendant Lillie Morris's Motion to Dismiss [DE-18], Motion for Judgment on the Pleadings [DE-19], Motion for a more Definite Statement [DE-20], and Motion to Dismiss [DE-21]; the Motion to Dismiss [DE-24] filed by Defendants Bertie County Sheriff's Department and Bertie County Sheriff Greg Atkins; Defendant Wallace Perry's Motion to Dismiss [DE-25]; and Plaintiffs' Motions for Default Judgment [DE-31, 32 & 34]. These matters are ripe for ruling.

## I. PROCEDURAL HISTORY

This action was initiated on March 15, 2007, and listed "The Estate of Esther Lee Brown" as the plaintiff, but the Complaint itself was signed by Lenton C. Brown ("Lenton"). On March 20, 2007, the Clerk of Court for the Eastern District of North Carolina wrote Lenton, and informed him that he was not allowed to represent the estate pursuant to 28 U.S.C. § 1654. The Clerk of Court advised Lenton that if Esther Lee Brown was deceased, then he would need an attorney to represent the estate. In response to the Clerks' letter, Lenton filed a Motion to Add Plaintiff [DE-15], and specifically requested "to be added as a Plaintiff in [this] case . . . along with The Estate of Esther Lee Brown." Mot. to Add Plaintiff [DE-15].

In an Order filed on April 20, 2007 [DE-27], the court noted that the Fourth Circuit has explained that the personal representative of an estate cannot represent the estate *pro se* if there are other beneficiaries or creditors involved. The court noted that it was apparent from the attachment to the Complaint that Lenton was appointed as the Administrator of the Estate of Esther Lee Brown ("the Estate"). *See* Compl. [DE-1]. Consequently, the court directed Lenton informing the court as to (1) whether he was a beneficiary of the Estate; (2) whether there are other beneficiaries of the Estate, and if so, the identities of the beneficiaries, and (3) whether there were creditors of the Estate. The court also allowed Lenton's motion to add plaintiff in part, and allowed Lenton to assert a claim under 42 U.S.C. § 1983 against the Bertie County Sheriff's Department and Defendants Shelton Askew, Greg Atkins, and Wallace Perry. The court, however, did not direct Lenton to file an Amended Complaint or direct Lenton to serve Defendants with an Amended Complaint. There is no indication in the record that any of the Defendants have been served with a complaint that names Lenton as a plaintiff.

Lenton filed a timely response to the court's April 20, 2007 Order, and indicated that he is a beneficiary of the Estate, as are his brother and sister. Consequently, the court, in a May 2, 2007 Order [DE-46], the court directed Lenton to obtain counsel to represent the Estate of Esther Lee Brown, and to cause the counsel for the Estate to file a Notice of Appearance on or before May 30, 2007. The court explicitly warned Lenton that if a Notice of Appearance of an attorney was not filed by May 30, 2007, the court would enter an order directing him to show cause why the claims of the estate should not be dismissed for failure to appear through an authorized representative.

In an order filed on June 5, 2007 [DE-48], the court observed that the time period for Lenton to obtain counsel to represent the Estate of Esther Lee Brown, and to cause such counsel to file a Notice of Appearance on behalf of the Estate, had passed. Accordingly, the court directed Lenton to show cause, if any there be, within fifteen (15) days of the filing date of the order, why the claims of the Estate of Esther Lee Brown should not be dismissed for failure to appear through an authorized representative. The court explicitly warned that Lenton's failure to respond will result in the dismissal of the claims of the Estate of Esther Lee Brown.

On June 14, 2007, Lenton filed a response to the show cause order indicating that on May 23, 2007, he entered into a contract for legal services with attorney Perry W. Martin. In an order filed on June 18, 2007 [DE-52], the court directed Lenton to cause counsel for the Estate of Esther Lee Brown to file a Notice of Appearance on behalf of the Estate on or before June 29, 2007. The court warned that if a Notice of Appearance of an attorney is not filed by June 29, 2007, the claims of the Estate of Esther Lee Brown would be dismissed. On June 12, 2007, Perry W. Martin filed a Notice Appearance, stating that he "gives Notice to the Court and to the United States Attorney of his limited appearance on behalf of Lenton C. Brown in this matter, and adopts the response of Lenton C. Brown filed by Lenton C. Brown filed on May 31, 2007." Notice of Appearance [DE-54][1]. Mr. Martin later filed a Notice of Voluntary Dismissal [DE-55] as to Defendants Wallace Perry and Shelley Askew, "on behalf of Lenton C. Brown in this matter." Mr. Martin's signature line described him as "Attorney for Lenton Brown."

---

[1] That response said, almost in its entirety, "The Motion to Dismiss previously filed by some of the Defendants in the above-entitled case is without merit in fact or in law and said Motion should be denied." Response [DE-49].

## II. ANALYSIS

This court, in several orders, explained that Lenton could not represent the Estate of Esther Lee Brown *pro se* and directed him to cause counsel for the Estate to file a Notice of Appearance on Behalf of the State. The court explicitly warned Lenton that the failure of an attorney to enter a Notice of Appearance on behalf of the Estate would result in the dismissal of the Estate's claims. Although Perry W. Martin did file a Notice of Appearance in the case, the Notice, and his subsequent filings, makes clear that Mr. Martin is representing Lenton, not the Estate. There is no indication that any licensed attorney is representing the Estate. As such, the Estate's claims are DISMISSED. Consequently, the following motions are DENIED as moot: Defendant Roy Cooper's Motion to Dismiss [DE-16]; Defendant Lillie Morris's Motion to Dismiss [DE-18], Motion for Judgment on the Pleadings [DE-19], Motion for a more Definite Statement [DE-20], and Motion to Dismiss [DE-21]; the Motion to Dismiss [DE-24] filed by Defendants Bertie County Sheriff's Department and Bertie County Sheriff Greg Atkins, and Defendant Wallace Perry's Motion to Dismiss [DE-25]. All of these motions were filed prior to the court's April 20, 2007 Order [DE-27] which allowed Lenton to amend the Complaint and add himself as a Plaintiff. Therefore, these motions reference only the Estate's claims, and because the Estate's claims are now dismissed, the motions are moot.

Therefore, Lenton remains the only Plaintiff in this case. Although the court allowed, in part, Lenton's Motion to Add Plaintiff, and stated he could assert a claim under 42 U.S.C. § 1983 against the Bertie County Sheriff's Department and Defendants Shelton Askew, Greg Atkins, and Wallace Perry, Lenton failed to ever file an Amended Complaint naming himself as a Plaintiff or alleging any such claim against any of the Defendants. Therefore, the court ORDERS Lenton C.

Brown to show cause, if any there be, within seven (7) days of the filing date of this order, why this action should not be dismissed for failure to prosecute.

Moreover, the Motions for Default Judgment [DE-31, 32, & 34] are DENIED. The only complaint to which the defendants could have filed an answer was the original Complaint in this action, which named only the Estate as a plaintiff. Because the Estate's claims have been dismissed, the Motions for Default Judgment are without merit.

### III. CONCLUSION

For the foregoing reasons, the claims of the Estate of Esther Lee Brown are DISMISSED. Furthermore, the following motions are DENIED as moot: Defendant Roy Cooper's Motion to Dismiss [DE-16]; Defendant Lillie Morris's Motion to Dismiss [DE-18], Motion for Judgment on the Pleadings [DE-19], Motion for a more Definite Statement [DE-20], and Motion to Dismiss [DE-21]; the Motion to Dismiss [DE-24] filed by Defendants Bertie County Sheriff's Department and Bertie County Sheriff Greg Atkins, and Defendant Wallace Perry's Motion to Dismiss [DE-25]. Also, the Motions for Default Judgment [DE-31, 32 & 34] are DENIED. The court ORDERS Lenton C. Brown to show cause, if any there be, within seven (7) days of the filing date of this order, why this action should not be dismissed for failure to prosecute.

SO ORDERED.

This the 10th day of March, 2008

James C. Fox
Senior United States District Judge