UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:07-CV-7-F

| | |
|---|---|
| LENTON C. BROWN, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>ATTORNEY GENERAL ALBERTO )<br>GONZALES, *et al.*, )<br>Defendants. ) | O R D E R |

This matter is before the court on the pro se Plaintiff's "Motion to Reopen the Case and Vacate the Court Orders filed March 10, 2008 and April 10, 2008" [DE-68] and his Response [DE-72] to this court's order filed on July 1. 2008. Also before the court are the Motion for Extension of Time to File a Responsive Answer to the Amended Complaint [DE-77] and the Corrected Motion for Extension of Time [DE-79] filed by the Bertie County Sheriff's Department and Bertie County Sheriff Greg Atkins. These matters are ripe for ruling.

## I. PROCEDURAL HISTORY

This action was initiated on March 15, 2007, and listed "The Estate of Esther Lee Brown" ("the Estate") as the plaintiff, but the Complaint itself was signed by Lenton C. Brown ("Lenton"). On March 20, 2007, the Clerk of Court for the Eastern District of North Carolina wrote Lenton, and informed him that he was not allowed to represent the Estate pursuant to 28 U.S.C. § 1654. The Clerk of Court advised Lenton that if Esther Lee Brown was deceased, then he would need an attorney to represent the Estate. In response to the Clerk's letter, Lenton filed a Motion to Add Plaintiff [DE-15], and specifically requested "to be added as a Plaintiff in [this] case . . . along with The Estate of Esther Lee Brown." Mot. to Add Plaintiff [DE-15]. Lenton contended that it was

"appropriate for Lenton Credelle Brown to be added as Plaintiff in this proceeding because most of the Federal Hate Crimes Violations mentioned in this proceeding were directed at him. Furthermore, Bertie County Sheriff's Department clearly violated his 14th Amendment Rights to Equal Protection under the law as well." *Id.* at p. 2. Lenton did not include a proposed Amended Complaint with the Motion to Add Plaintiff.

In an Order filed on April 20, 2007 [DE-27], the court noted that the Fourth Circuit has explained that the personal representative of an estate cannot represent the estate pro se if there are other beneficiaries or creditors involved. The court noted that it was apparent from the attachment to the Complaint that Lenton was appointed as the Administrator of the Estate of Esther Lee Brown. *See* Compl. [DE-1]. Consequently, the court directed Lenton to file a notice informing the court as to (1) whether he was a beneficiary of the Estate; (2) whether there are other beneficiaries of the Estate, and if so, the identities of the beneficiaries, and (3) whether there were creditors of the Estate.

The court also allowed Lenton's motion to add plaintiff in part. Specifically, the court observed that to the extent that Lenton was attempting to assert a claim under any federal hate crime statute, such an effort was futile because the court was unaware of any federal hate crime statute that created a private cause of action. April 20, 2007 Order [DE-27] at p. 4. The court also observed that any proposed claims under 42 U.S.C. § 1983 against certain defendants, such as private citizens, were futile. The court also noted that the State of North Carolina and North Carolina Attorney General Roy Cooper were entitled to immunity from suits for damages pursuant to the Eleventh Amendment, and that to the extent that Lenton was attempting to sue the State of North Carolina, Attorney General Roy Cooper, and/or United States Attorney General Alberto Gonzales for

injunctive relief, such an attempt would be futile.[1] Finally, the court stated that "[w]ithout further briefing by the defendants . . . the court is reluctant to say that Lenton's attempt to assert a § 1983 claim against the Bertie County Sheriff's Department, or the individual members of the department (Shelton Askew, Greg Atkins, Wallace Perry) is futile." *Id.* at p. 5. Thus, the court allowed Lenton's Motion to Add Plaintiff [DE-15] in part, and stated that Lenton may assert a § 1983 claim against the Bertie County Sheriff's Department, Shelton Askew, Greg Atkins and Wallace Perry. The court, however, did not direct Lenton to file an Amended Complaint or direct Lenton to serve Defendants with an Amended Complaint.

Lenton filed a timely response to the court's April 20, 2007 Order, and indicated that he is a beneficiary of the Estate, as are his brother and sister. Consequently, in a May 2, 2007 Order [DE-46], the court directed Lenton to obtain counsel to represent the Estate of Esther Lee Brown, and to cause the counsel for the Estate to file a Notice of Appearance on or before May 30, 2007. The court explicitly warned Lenton that if a Notice of Appearance of an attorney was not filed by May 30, 2007, the court would enter an order directing him to show cause why the claims of the estate should not be dismissed for failure to appear through an authorized representative.

In an order filed on June 5, 2007 [DE-48], the court observed that the time period for Lenton to obtain counsel to represent the Estate of Esther Lee Brown, and to cause such counsel to file a

---

[1] The court explained:
Lenton's requests for injunctive relief focus almost entirely [on] compelling the State and/or Federal Bureau of Investigation to investigate his mother's death and crimes allegedly committed against him. Additionally, Lenton seeks an order compelling the prosecution of alleged crimes. It is well settled, however, that a private individual does not have the right to compel a public official to investigate or prosecute an alleged crime.
April 20, 2007 Order [DE-27] at pp. 4-5.

3

Notice of Appearance on behalf of the Estate, had passed. Accordingly, the court directed Lenton to show cause, if any there be, within fifteen (15) days of the filing date of the order, why the claims of the Estate of Esther Lee Brown should not be dismissed for failure to appear through an authorized representative. The court explicitly warned that Lenton's failure to respond would result in the dismissal of the claims of the Estate of Esther Lee Brown.

On June 14, 2007, Lenton filed a response to the show cause order indicating that on May 23, 2007, he entered into a contract for legal services with attorney Perry W. Martin. In an order filed on June 18, 2007 [DE-52], the court directed Lenton to cause counsel for the Estate of Esther Lee Brown to file a Notice of Appearance on behalf of the Estate on or before June 29, 2007. The court warned that if a Notice of Appearance of an attorney was not filed by June 29, 2007, the claims of the Estate of Esther Lee Brown would be dismissed. On June 19, 2007, Lenton filed another document, and stated "The statement I filed with the Court dated June 14, 2007, was intended to show the Court some of the reasons why I feel the claims of the Estate of Esther Lee Brown should not be dismissed." Notice [DE-53] at p. 1. Lenton also stated that he "would like to show the Court the following" and in a series of ten numbered paragraphs, he provided the court with various information he thought was relevant to the case. In particular, Lenton informed the court:

> 1. On May 23, 2007, Lenton Brown did enter into a contract for legal services with Perry W. Martin, Attorney at Law for legal representation in this matter. Some of the information has been blacked out for reasons of attorney/client priviledge[sic].
> 2. The Law Firm of Perry Martin has now issued Notice of Appearance in this case to the Court and to the Attorney General of the United States.

Notice [DE-53] at p. 1.

On June 12, 2007, Perry W. Martin filed a Notice Appearance, stating that he "gives Notice to the Court and to the United States Attorney of his limited appearance on behalf of Lenton C.

4

Brown in this matter, and adopts the response filed by Lenton C. Brown dated May 31, 2007." Notice of Appearance [DE-54][2]. Mr. Martin later filed a Notice of Voluntary Dismissal [DE-55] as to Defendants Wallace Perry and Shelley Askew, "on behalf of Lenton C. Brown in this matter." Mr. Martin's signature line described him as "Attorney for Lenton Brown." Notice of Voluntary Dismissal [DE-55].

In an Order filed on March 10, 2008, the court noted the following:

> This court, in several orders, explained that Lenton could not represent the Estate of Esther Lee Brown *pro se* and directed him to cause counsel for the Estate to file a Notice of Appearance on Behalf of the State. The court explicitly warned Lenton that the failure of an attorney to enter a Notice of Appearance on behalf of the Estate would result in the dismissal of the Estate's claims. Although Perry W. Martin did file a Notice of Appearance in the case, the Notice, and his subsequent filings, makes clear that Mr. Martin is representing Lenton, not the Estate. There is no indication that any licensed attorney is representing the Estate.

March 10, 2008 Order [DE-56] at unnumbered p. 4. Consequently, the court dismissed the Estate's claims.

The court also noted that Lenton failed to ever file an Amended Complaint naming himself as a Plaintiff or alleging any claim against any of the Defendants. The court therefore ordered Lenton to show cause, within seven (7) days of the filing date of the order, why the action should not be dismissed for failure to prosecute. *Id.* at unnumbered pp. 4-5. The Clerk of Court indicates that this Order was served on both counsel and pro se litigants.

On April 9, 2008, the Clerk of Court notified the court that Lenton had failed to respond to the court's March 10, 2008, Order. Consequently, in an Order filed April 10, 2008, the court

---

[2] That response said, almost in its entirety, "The Motion to Dismiss previously filed by some of the Defendants in the above-entitled case is without merit in fact or in law and said Motion should be denied." Response [DE-49].

dismissed Lenton's claims for failure to prosecute. Again, the Clerk of Court indicates that the April 10, 2008, Order was served on both counsel and pro se litigants.

Thereafter, on April 16, 2008, Lenton filed a "Motion in Response to Court Order" [DE-59] on his own behalf. Therein, Lenton asserts that he had "no knowledge of any order filed on March 10, 2008 giving me seven days to show cause why this action should not be dismissed for failure to prosecute." Mot. [DE-59] at p. 1. He contended that the case should be reopened. Two days later, on April 18, 2008, both Lenton, and his attorney Perry W. Martin, sent separate letters to the Clerk of Court, stating that they did not receive the court's March 10, 2008 Order, but did receive the courts April 10, 2008, Order. *See* Letter from Perry W. Martin [DE-60], Letter from Lenton Brown [DE-61].[3]

In an Order filed on June 5, 2008 [DE-65], the court construed Lenton's "Motion in Response to Court Order" [DE-59] as a motion seeking relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure, and allowed the motion, to the extent that Lenton was seeking relief as to his claims. The motion was denied to extent Lenton was attempting to reopen the case as to the Estate's claims. The court ordered Lenton to show cause, within seven (7) days of the filing date of the order, why his claims should not be dismissed for failure to prosecute.

On June 12, 2008, Lenton filed "Response to United States District Court Eastern District of North Carolina Northern Division Decision's in case No. 2:07-CV-7-F Dated June 5, 2007" [DE-67]. Therein, he reiterated much of what he already stated in his "Motion in Response to Court

---

[3] Although Perry W. Martin had previously had identified himself as "Attorney for Lenton Brown" and filed a Notice of Appearance on behalf of Lenton, in his April 18, 2008, letter Perry W. Martin refers to Lenton not as a plaintiff in this case, but only as "representative of the Plaintiff." Letter from Perry W. Martin [DE-60].

6

Case 2:07-cv-00007-F   Document 80   Filed 07/21/08   Page 6 of 10

Order" [DE-59], and asked that the court vacate its March 10, 2008 and April 10, 2008 Orders. Lenton also asked that the court allow him 60 days to seek a competent attorney to represent the Estate of Esther Lee Brown and himself. Lenton also filed, on June 12, 2008, a Motion to Reopen Case [DE-68]. It is unclear whether Lenton is seeking relief from the Fourth Circuit Court of Appeals, or this court, in the motion. At bottom, Lenton seeks, again, to have the court's March 10, 2008 and April 10, 2008 Orders vacated.

In a June 18, 2008 Order [DE-69], the court denied Lenton's request, as stated in his Response [DE-67], to vacate the April 10, 2008 Order as moot, and also denied his request to vacate the court's March 10, 2008 Order. After noting that Lenton has never filed or served an Amended Complaint, the court ordered Lenton to file, within ten (10) days, an Amended Complaint naming himself as a Plaintiff and stating his claims against Defendants Bertie County Sheriff's Department and Greg Atkins, along with proposed summons. On June 26, 2008, Lenton filed an Amended Complaint and proposed Summons.

In an order filed on July 1, 2008, the court observed that Lenton appears to allege in the Amended Complaint a claim under 42 U.S.C. § 1983 for the alleged failure to investigate harassment of himself and the death of his mother. The court noted, however, that there is no constitutional right to a criminal prosecution or investigation, and therefore Lenton has no cause of action against any of the Defendants for failing to investigate or prosecute a crime. The court also observed that Lenton's new claim against Magistrate Joann Freeman appears to be barred by the doctrine of absolute judicial immunity, and that Lenton's allegations about the alleged violation of 18 U.S.C. § 926 appear to fail to state a claim. The court therefore notified Lenton that it was considering dismissing the Amended Complaint for failure to state a claim, and directed Lenton to show cause,

7

within ten (10) business days of the filing date of the order, why the Amended Complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

On July 15, 2008, Lenton filed a document entitled "Response to June 30, 2008 Court Order" wherein he requests the court "allow [him] as the Administrator of the Estate of Esther Lee Brown to amend the complaint naming Lenton Credelle Brown, Administrator of the Estate of Esther Lee Brown, as plaintiff." Response [DE-75]. That same day, Lenton filed a separate document, entitled "Motion to Amend Complaint II" [DE-76]. Therein, Lenton appears to ask the Fourth Circuit Court of Appeals to allow him to "amend the complaint as Administrator of the Estate of Estate of [sic] Esther Lee Brown which will allow me to name Lenton Credelle Brown, Administrator of the Estate of Esther Lee Brown, as plaintiff thereby replacing the Estate of Esther Lee Brown as plaintiff which will allow me to proceed with the case." Motion to Amend Complaint II [DE-76]. On July 16, 2008, the Bertie County Sheriff's Department and Bertie County Sheriff Greg Atkins filed a Motion for Extension of Time to file a Responsive Answer to the Amended Complaint.

## II. ANALYSIS

Despite being ordered to show cause why the Amended Complaint should not be dismissed for failure to state a claim, Lenton, in his Response to the court's order, does not address the substantive issues raised by the court about the allegations in the Amended Complaint. Instead, he reiterates much of what he has already stated in previous filings, and asks the court to allow him to amend the Amended Complaint to add himself, as Administrator of the Estate of Esther Lee Brown, as a plaintiff.

This the court will not do. Lenton himself is already a plaintiff in this action. By asking the court to add him as a plaintiff as "Administrator of the Estate of Esther Lee Brown," Lenton appears

to be asking, again, for the claims of the Estate to be reinstated. As this court repeatedly has stated, Lenton may not represent the Estate pro se.

Moreover, Lenton has failed to address why the Amended Complaint should not be dismissed for failure to state a claim. Thus, for the reasons stated in the court's order filed on July 1, 2008 [DE-72], the Amended Complaint [DE-70] is DISMISSED for failure to state a claim. Consequently, to the extent the "Motion to Amend Complaint II" [DE-76] seeks relief from this court, as opposed to the Fourth Circuit Court of Appeals, it is DENIED as moot.

Furthermore, to the extent the Motion to Reopen the Case [DE-68] seeks relief from this court, the motion is DENIED. Specifically, his request to vacate the court's April 10, 2008 Order is moot, having already been allowed by the court's June 5, 2008 Order [DE-65]. *See* Order [DE-65] at p. 9 ("For the foregoing reasons, Lenton's Motion [DE-59], which this court construes as a motion for relief from judgment under Rule 60(b), is ALLOWED, and the court's April 10, 2008 Order [DE-57] and Judgment [DE-58] are VACATED."). Also, to the extent that Lenton is seeking to vacate the court's March 10, 2008 Order, dismissing the claims of the Estate, his request must be denied because he may not represent the Estate pro se.

Finally, the Motion for Extension of Time [DE-77] and the Corrected Motion for Extension of Time [DE-79] are DENIED as moot.

### III. CONCLUSION

For the reasons stated in the court's order filed on July 1, 2008 [DE-72], the Amended Complaint [DE-70] is DISMISSED for failure to state a claim. To the extent the "Motion to Amend Complaint II" [DE-76] seeks relief from this court, as opposed to the Fourth Circuit Court of Appeals, it is DENIED as moot. To the extent the Motion to Reopen the Case [DE-68] seeks relief

9

from this court, the motion is DENIED. The Motion for Extension of Time [DE-77] and the Corrected Motion for Extension of Time [DE-79] are DENIED as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the 21st day of July, 2008.

James C. Fox
Senior United States District Judge